UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| EDWARD W. HEBELER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 13-3419-SEM |
| | ) |
| STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF CORRECTIONS, G. GOOD, and JOHN DOE, | ) ) ) ) |
| Defendants. | ) |

### MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Edward W. Hebeler's claims and for consideration of his motion for appointment of counsel.

### I.
### MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon

1

which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012)(holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions).

Instead, sufficient facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

Plaintiff Edward W. Hebeler is an inmate within the Illinois Department of Corrections ("IDOC"). Hebeler is and, at all relevant times, was housed at the Taylorville Correctional Center.

Hebeler alleges that he injured his knee in 1968 while serving in the Navy. Hebeler further alleges that he reinjured that same knee while playing softball at the Taylorville Correctional Center.

Hebeler contends that his Eighth Amendment rights were violated because the officials at the Taylorville Correctional Center failed to provide him with any medical attention for his knee. Hebeler claims that, after spending ten days in pain without receiving any medical attention, prison officials finally transported him to a local hospital for treatment.

By that time, however, Hebeler alleges that his knee had become infected, and he almost lost his leg as a result. Hebeler further alleges that, after being returned to the Taylorville

Correctional Center, officials failed to provide him with therapy and medical care as prescribed by the doctors at the local hospital.

The problem with Hebeler's Complaint is not that it fails to state a cause of action upon which relief can be granted. "In order to prevail on a deliberate indifference claim, a plaintiff must show (1) that his condition was 'objectively, sufficiently serious' and (2) that the 'prison officials acted with a sufficiently culpable state of mind." *Lee v. Young,* 533 F.3d 505, 509 (7th Cir. 2008)(quoting *Greeno v. Daley,* 414 F.3d 645, 652 (7th Cir. 2005)); *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir. 2008) (same). Hebeler's Complaint alleges that his knee condition was objectively sufficiently serious and that prison officials acting with a sufficiently culpable state of mind in ignoring him and his injured knee. In other words, Hebeler's Complaint states a cause of action upon which relief can be granted.

The problem with Hebeler's Complaint is that he has failed to identify a proper party who could be held liable for allegedly violating his Constitutional rights. Hebeler has sued the State of Illinois, the IDOC, Warden Good, and "John Doe."

Hebeler's § 1983 suit against the State of Illinois is barred by the Eleventh Amendment. Hebeler's § 1983 suit against the IDOC is barred because the IDOC is not a "person" capable of being sued under § 1983. *Johnson v. Supreme Court of Illinois,* 165 F.3d 1140, 1141 (7th Cir. 1999)("states and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983.").

Hebeler's suit may be maintainable against Warden Good, but Hebeler has not alleged that Warden Good took any actions that could constitute a deprivation of Hebeler's Constitutional rights. "[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci,* 597 F.3d 824, 833 (7th Cir. 2010)(quoting *Palmer v. Marion County,* 327 F.3d 588, 594 (7th Cir. 2003)). All Hebeler's Complaint does is to list Warden Good as a defendant in the caption of his Complaint, but Hebeler does not allege that Warden Good personally did anything to deprive him of his Eighth Amendment rights.

That leaves the only proper party to this suit: "John Doe." Rather than allow this suit to proceed against John Doe as a defendant, however, the Court will give Hebeler time to amend his Complaint to specifically identify the person or persons who was or

were deliberately indifferent to his serious medical needs, thereby violating his Eighth Amendment rights.

The Court understands that Hebeler may not know all of the persons by name and that keeping "John Doe" as a party Defendant may be necessary until discovery can be conducted to determine the identity or identities of all of the individuals allegedly responsible for violating his rights. However, the Court believes that Hebeler should be able to identify one or more of the individuals now who he believes violated his rights. Accordingly, Hebeler should file an Amended Complaint within sixty days of the date of this Order identifying the person or persons who allegedly violated his Constitutional rights and should provide a short, plain statement as to how that person or persons violated his Constitutional rights.

Finally, Hebeler has filed a motion asking the Court to appoint counsel to represent him in this case. In determining whether the Court should attempt to find an attorney to voluntarily take a case, "the question is whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself. . . . The question

6

is whether the plaintiff appears competent to *litigate* his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)(emphasis in original).

Attorney Edward T. Graham, Jr., of Taylorville, Illinois, has agreed to represent Hebeler in this case. Given the difficulty of the issues in this case and given attorney Graham's willingness to represent Hebeler, the Court will grant Hebeler's motion and will appoint attorney Edward T. Graham, Jr., to represent him.

**IT IS, THEREFORE, ORDERED that:**

**1. Plaintiff's motion for appointment of counsel [2] is GRANTED. Pursuant to the Plan for Appointment of Counsel for Indigent Parties, the Court appoints attorney Edward T. Graham, Jr., of Taylorville, Illinois, to represent Plaintiff. If this case settles, reimbursement of fees and costs incurred by appointed counsel will come from Plaintiff's settlement, not from the District Court's Fund. The Clerk of the Court is directed to add attorney Graham on the docket as Plaintiff's counsel. The Clerk is also directed to notify the pro bono**

**coordinator of the appointment of counsel. The pro bono coordinator is directed to send out the standard documents pursuant to the pro bono procedures. Finally, the Clerk is directed to email a copy of Plaintiff's Complaint and this Merit Review Order to attorney Graham.**

**2.    Plaintiff is directed to confer with his counsel and to file an Amended Complaint within sixty (60) days of the date of this Order identifying the person or persons who allegedly violated his Constitutional rights and should provide a short, plain statement as to how that person or persons violated his Constitutional rights.**

ENTER:    March 28, 2014

FOR THE COURT:

>    s/ Sue E. Myerscough
>    SUE E. MYERSCOUGH
>    UNITED STATES DISTRICT JUDGE