IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| EDWARD W. HEBELER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No.   13-CV-3419 |
| | ) |
| M.D. ROSALINA GONZALES | ) |
| and DR. HUGHES P. LOCHARD, | ) |
| | ) |
| Defendants. | ) |

## ORDER

## BEFORE U.S. MAGISTRATE JUDGE TOM SCHANZLE-HASKINS:

This matter comes before the Court on Plaintiff Edward W. Hebeler's Motion for Default Judgment (d/e 36) (Motion) against Defendant Dr. Rosalina Gonzales. Defendant Hughes P. Lochard, M.D. has filed a Response (d/e 39) (Response) objecting to the Motion.   For the reasons stated below the Motion is denied.

BACKGROUND

Plaintiff filed his Complaint on December 20, 2013.   At the time the events alleged in Plaintiff's Second Amended Complaint (d/e 19) occurred, Plaintiff was an inmate at the Taylorville Correctional Center located in Taylorville, Illinois.   Drs. Rosalina Gonzales (Gonzales) and Hughes P. Lochard (Lochard) were physicians employed by Wexford Health Sources, Inc. which provided medical services to inmates at Taylorville Correctional Center during the time period alleged in the complaint.

The Plaintiff alleges that on June 29, 2011, he injured his left knee.   Plaintiff contends that Gonzales and Lochard were deliberately indifferent to a serious medical condition caused by his knee injury and that he sustained serious injuries which could have been prevented had he received proper treatment at the outset of his knee injury.

On March 28, 2014, U.S. District Judge Sue Myerscough granted Plaintiff's motion for appointment of counsel (Merit Review Opinion, d/e 7) and appointed Edward T. Graham, Jr. to represent Plaintiff pursuant to the Plan for Appointment of Counsel for Indigent Parties.

Lochard answered the Second Amended Complaint (Answer, d/e 20) denying liability for Plaintiff's injury.

A proof of service showing service on Gonzales was filed on July 1, 2015 (d/e 23).   The proof of service indicates that summons was served on Gonzales on June 23, 2015 by leaving a summons at her residence or usual place of abode with her son, a person of suitable age and discretion who resides there.   The private process server who filled out the proof of service indicated that he mailed a copy to Gonzales' last known address.

On October 28, 2015, counsel for Lochard filed a Motion for Leave to Depose Artelino Gonzales (d/e 35), the son of Defendant Rosalina Gonzales.   Counsel for Lochard acknowledged that he had represented Gonzales in another matter and had been unsuccessful in making contact with Gonzales who now lived in the Philippines. Counsel for Lochard indicated he had not been able to reach Artelino Gonzales since September 15, 2015, and Artelino Gonzales had been uncooperative in assisting

counsel in locating Defendant Gonzales. Lochard's counsel indicated he could not state with any certainty to the Court whether Gonzales was aware of this lawsuit. Defense counsel was unable to depose Artelino Gonzales in this case.

In Lochard's Response (d/e 39) to the instant Motion (d/e 36), counsel for Lochard objected to the default alleging that no service had been perfected against Gonzales in this litigation and default could adversely affect the outcome of this litigation.

Attached to Lochard's Response was a deposition of Artelino Gonzales taken in Trimble v. Gonzales, Case #13-cv-3133, on December 29, 2015 (d/e 39-3).

ANALYSIS

Plaintiff has filed a Motion for Default Judgment (d/e 36) (Motion). The Court will treat Plaintiff's Motion for Default Judgment as a Motion for Default pursuant to Central District of Illinois, Springfield Division, Standing Order for Seeking and Obtaining a Default Judgment.[1] The Plaintiff's Motion alleges that the Defendant has failed to make any appearance or responsively plead within thirty days following the date that the Second Amended Complaint was properly served upon her.

The Seventh Circuit has long recognized that valid service of process is necessary in order to assert personal jurisdiction over a defendant. Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 301 (7th Cir. 1991). The party moving for entry of default has the burden of showing that service of process was properly effected

---

[1] A copy of the Standing Order entered April 15, 2011 is attached. The order requires that all defaults pursuant to Rule 55, Federal Rules of Civil Procedure, shall be entered by the Magistrate Judge. The Standing Order then sets forth the procedure the movant must follow in order to have a default judgment entered by the District Judge.

consistent with Rule 4 of the Federal Rules of Civil Procedure.  If the moving party is unable to show proper service, or that proper service was waived, the party should not be granted entry of default. Neither actual notice, nor "substantial compliance" is sufficient to satisfy the service requirements of Rule 4. <u>Geraci v. Everhart</u>, 2009 WL 3446193 (E.D. Wisc. 2009).

Rule 4 of the Federal Rules of Civil Procedure sets forth requirements for service upon an individual within a judicial district of the United States. Rule 4(e) provides, in pertinent part, as follows:

> (e)     Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>      (1)     following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>      (2)     doing any of the following:
>           (A) delivering a copy of the summons and of the complaint to the individual personally;
>           (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there;

Similarly, Section 5/2-203 of the Illinois Code of Civil Procedure contains, in pertinent part, the following requirements for service of an individual under Illinois law:

> (a) Except as otherwise expressly provided, service of summons upon an individual defendant shall be made (1) by leaving a copy of the summons with the defendant personally, (2) by leaving a copy at the defendant's usual place of abode, with some person of the family or a person residing there, of the age of 13 years or upwards, and informing that person of the contents of the summons, provided the officer or other person making service shall also send a copy of the summons in a sealed envelope with postage fully prepaid, addressed to the defendant at his or her usual place of abode;

Under Illinois service rules, as with the federal rules, actual knowledge of a lawsuit cannot substitute for service of process.   Gocheff v. Breeding, 53 Ill.App.3d 608, 11 Ill.Dec. 374, 368 N.E.2d 982 (5th Dist. 1977); Mid-Continent Wood Products v. Harris, 936 F.2d 297, 301 (7th Cir. 1991).

As noted above, the proof of service filed in this case (d/e 23) indicates that summons was served upon Gonzales on June 23, 2015 by leaving a summons at her residence or usual place of abode with her son, a person of suitable age and discretion who resides there.   Defendant's name and address listed on the face of the summons was Dr. Rosalina T. Gonzales, 928 W. Rich Street, Taylorville, Illinois 62568.

In his December 29, 2015 deposition, Artelino Gonzales (Artelino), son of Defendant Gonzales, testified that he resided at 928 W. Rich Street in Taylorville, Illinois (d/e 39-3, p 5).   Artelino said that his mother had been in the Philippines for about a year at the time of this deposition.   He indicated that his mother left "before the holidays" in 2014, which was about a year prior to the deposition (d/e 39-3, p 6).   Artelino stated that his mother left personal property at his residence, but did not intend to return to the United States (d/e 39-3, pp 14-15).   Artelino indicated his mother did not leave the United States because of the lawsuits with which she is involved (d/e 39-3, p 8).

From the testimony at the deposition, it is clear that Defendant Gonzales did not live at 928 W. Rich Street, Taylorville, Illinois, on June 23, 2015, which was the date the summons was served.   The deposition testimony makes it clear that at the time the summons was served, 928 W. Rich Street, Taylorville, Illinois, was not Rosalina

Gonzales "usual place of abode", or her dwelling.   Since, under the applicable statutes, service on an individual must take place at the dwelling or usual place of abode of the party, there is no proper service of the summons on Defendant Gonzales which complies with Rule 4 of the Federal Rules of Civil Procedure.   Consequently, due to the lack of service, the Court lacks jurisdiction to enter a default against Defendant Gonzales.

## CONCLUSION

THEREFORE, IT IS ORDERED that Plaintiff Edward W. Hebeler's Motion for Default Judgment (d/e 36) is DENIED.

ENTERED:   August 8, 2016

*s/ Tom Schanzle-Haskins*
TOM SCHANZLE-HASKINS
UNITED STATES MAGISTRATE JUDGE